IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-CR-61-FL
NO. 5:08-CV-298-FL

FILED

JUL 0 2 2010

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | |
|---|---|
| RONALD DAWSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter comes before the court on petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (DE # 67). For the reasons expressed below, the court denies petitioner's motion.

## BACKGROUND

On March 21, 2007, the court sentenced petitioner to one hundred twenty (120) months imprisonment for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924. On July 21, 2008, petitioner filed motion to vacate, arguing he received ineffective assistance of counsel. Many of the facts alleged in support of petitioner's motion to vacate regard the effect of his restoration of civil rights certificate for a prior felony conviction. On May 20, 2009, the court denied petitioner's motion to vacate. Both this court and the Fourth Circuit Court of Appeals denied petitioner's motion for certificate of appealability of the court's judgment which denied his motion to vacate. On April 9, 2010, petitioner filed the instant motion for relief from judgment, to which no response has been filed.

## DISCUSSION

### A. Standard of Review

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to relieve a party from final judgment. Before seeking relief under Rule 60(b), a party must show "timeliness, a lack of unfair prejudice to the opposing party, a meritorious defense, and exceptional circumstances." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). Once the movant satisfies these requirements, the movant must then demonstrate that relief is appropriate based on one of the grounds of Rule 60(b), such as mistake. Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979). When a party moves on grounds of mistake, such motion must be made within a reasonable time, not to exceed more than one year after entry of the judgment. Fed. R. Civ. P. 60(c)(1). Disposition of a motion pursuant to Rule 60 lies with the discretion of the trial court. Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967).

### B. Analysis

Here, petitioner timely moves for relief, but he fails to make the threshold showing of a meritorious defense or exceptional circumstance. Petitioner seeks to relitigate the merits of his 2255 motion, arguing that his restoration of rights certificate and North Carolina General Statute 14-415.1 permit him to possess a firearm in his home, triggering the exemption of 18 U.S.C. 921(a)(20). As an initial matter, § 921(a)(20) does not exempt petitioner's predicate conviction. The subsection provides a "conviction . . . for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, *unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or*

*receive firearms."* 18 U.S.C. § 921(a)(20) (emphasis added). Here, petitioner's restoration of rights did not restore his right to possess a firearm. (See Pet'r's Mot. Pursuant to Rule 60(b)(1), Ex. A.) Thus, his prior conviction may serve as a predicate conviction under 18 U.S.C. § 922(g).

Additionally, petitioner's argument that the 2003 version of North Carolina General Statute § 14-415.1(a) permits him to possess a firearm in his own home is similarly without merit. In 2004, the North Carolina General Assembly amended § 14-415.1(a) and removed the provision which permitted possession of a firearm in one's home or place of business. Petitioner contends that because the prior version of the statute, which permitted home possession, was in effect at the time his rights were restored in 2003, he could lawfully possess a firearm in his home notwithstanding the 2004 amendment. The 2004 amendment, however, retroactively stripped a felon's right to possession in his home. See United States v. Hairston, No. 08-4958, 2010 WL 411005 (4th Cir. 2010) (unpublished). Though the Supreme Court of North Carolina has since concluded the ban was unconstitutional as applied to one individual, the court did not go so far as to find the retroactive application of the ban uniformly impermissible to individuals who had previously had their rights restored. See Britt v. State, 363 N.C. 546, 550, 681 S.E.2d 320, 323 (2009).

Moreover, petitioner is prohibited from possessing a firearm in any event under federal law, regardless of a home exemption under state law, because federal policy and not state law governs interpretation of the "unless" clause in § 921(a)(20). Caron v. United States, 524 U.S. 308, 316 (1998). As such, even if a home exemption still applied under state law, 18 U.S.C. § 922(g) forbids petitioner from possessing a firearm. Accordingly, plaintiff fails to make the threshold showing for relief pursuant to Rule 60(b) of a meritorious defense or exceptional circumstance. As a result, the court need not reach whether any specific grounds for relief enumerated by Rule 60(b) would apply.

## CONCLUSION

For the reasons discussed herein, the court hereby DENIES petitioner's motion for relief from judgment (DE # 67).

SO ORDERED, this the 29th day of June, 2010.

                                        LOUISE W. FLANAGAN
                                        Chief United States District Judge