IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-CR-61-FL
NO. 5:08-CV-298-FL

| | | |
|---|---|---|
| RONALD DAWSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) of petitioner Ronald Dawson (DE # 69) and the motion to dismiss or, in the alternative, for summary judgment filed by respondent the United States of America (DE # 70). The motions have been fully briefed and the issues raised are ripe for ruling. For the following reasons, the court grants respondent's motion and denies petitioner's motion.

## BACKGROUND

On November 20, 2006, petitioner pleaded guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and 924. On March 21, 2007, the court sentenced petitioner to term of imprisonment of one hundred twenty (120) months. The court of appeals affirmed his conviction and sentence on direct appeal. See United States v. Dawson, 259 F. App'x 578 (4th Cir. 2007) (per curiam).

On July 21, 2008, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel. The court

denied petitioner's motion on May 20, 2009. The court of appeals dismissed his appeal after concluding that petitioner had not made the requisite showing to warrant issuance of a certificate of appealability. See United States v. Dawson, 352 F. App'x 823 (4th Cir. 2009) (per curiam).

On April 9, 2010, petitioner filed a motion for relief from judgment pursuant to Rule 60(b). The government did not respond, and the court denied the motion on July 2, 2010. Shortly thereafter, on July 19, 2010, petitioner filed the instant motion to alter or amend the judgment pursuant to Rule 59(e). On July 20, 2010, respondent filed a motion to dismiss, or in the alternative, for summary judgment. Petitioner responded to that motion on August 6, 2010.

## DISCUSSION

Petitioner's motion to amend judgment is directed towards the court's denial of his motion pursuant to Rule 60(b). That is not the proper purpose of a Rule 59(e) motion, which must be filed "no later than 28 days after the entry of the *judgment*." Fed. R. Civ. P. 59(e) (emphasis added). The relevant judgment at issue is this court's judgment on his underlying § 2255 claim, entered May 20, 2009. As with his Rule 60(b) motion, the instant motion invoking Rule 59(e) is simply another attempt to re-litigate issues already decided by this court. In other words, this motion is nothing more than an attempt at a third bite at the § 2255 apple by petitioner.

This court "must classify pro se pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). As noted, although captioned under Rule 59(e), plaintiff's motion is simply a retread of his Rule 60(b) motion seeking relief from this court's judgment on his § 2255 petition. A Rule 60(b) motion that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits," is a second or successive § 2255 petition. See Gonzales v. Crosby, 545 U.S. 524, 532

2

(2005). "Before a second or successive application [under § 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not demonstrated that he sought authorization from the Fourth Circuit Court of Appeals to file a successive application. Therefore, respondent's motion to dismiss is GRANTED and petitioner's motion to alter or amend the judgment is DENIED.[*]

The court now must determine whether petitioner is entitled to a certificate of appealability. Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that a § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

Petitioner has failed to meet the requirements for a certificate of appealability. The court properly dismissed petitioner's original motion to vacate his sentence as well as his subsequent motions challenging that determination. Petitioner has failed to make a "substantial showing" of the

---

[*] A court must inform a prisoner of its intent to recharacterize an improperly captioned motion as a *first* § 2255 motion. See Castro v. United States, 540 U.S. 375, 383 (2003); United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002). Of course, the court need not inform petitioner of its intent to recharacterize this second motion as a successive § 2255 petition. See United States v. Moscol, 2011 WL 52424, at *1 (E.D.N.C. Jan. 3, 2011); Chin v. United States, 2010 WL 4116921, at *1 (D. Md. Oct. 18, 2010). Accordingly, the court need not give petitioner the opportunity to withdraw this motion.

3

denial of a constitutional right. Nor has petitioner has not shown that reasonable jurists would find the court's decision debatable. Therefore, the court DENIES petitioner a certificate of appealability.

## CONCLUSION

For the reasons stated, respondent's motion to dismiss (DE # 70) is GRANTED, and petitioner's motion captioned under Rule 59(e) (DE # 69) is DENIED. The certificate of appealability is DENIED.

SO ORDERED, this the 27th day of January, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge