IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CR-61-FL
No. 5:08-CV-298-FL

| | | |
|---|---|---|
| RONALD DAWSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's February 20, 2014, motion under Federal Rule of Civil Procedure 59(e) (DE 91), requesting that the court reconsider its January 21, 2014, order dismissing as successive petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Petitioner also moves to amend a claim that relates back to a claim in his original § 2255 motion, based upon the Fourth Circuit's decision in United States v. Davis, 720 F.3d 215 (4th Cir. 2013).

As the motion to reconsider is a timely-filed motion under Rule 59(e), pursuant to the prison mailbox rule, the court first considers that motion under the standard applicable to that rule. See United States v. Winestock, 340 F.3d 200, 203 n. 1 (distinguishing motions under Rule 60(b), which must in some circumstances be converted to § 2255 motions, from motions under Rule 59(e)).

Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hughes v. Bedsole,

48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007). "A Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thomas, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977).

Petitioner has not provided any basis for reconsideration of the court's January 28, 2014, order. A second or successive § 2255 petition may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see Winestock, 340 F.3d at 205. The case cited by petitioner, Davis, does not provide a new rule of constitutional law, made retroactive to cases on collateral review, nor does it alter the governing standards for considering a successive § 2255 motion. Moreover, the Fourth Circuit has not previously "extended the reach of the savings clause to those petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n. 7, 274 (4th Cir.2008). Accordingly, no intervening change in controlling law alters the court's conclusion that petitioner's § 2255 motion must be dismissed as a second or successive petition. Thus, petitioner's motion to reconsider must be denied.

Having previously dismissed petitioner's § 2255 motion as second or successive, it does not appear that the law in this Circuit permits the court to exercise jurisdiction to entertain petitioner's motion to amend, given that the court must dismiss successive motions challenging the judgment

of conviction for lack of jurisdiction. See Winestock, 340 F.3d at 207 ("[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application."); United States v. Graham, 81 Fed. Appx. 472, 473 (4th Cir.2003) (construing a § 2255 petitioner's post-judgment motion to amend as a second or successive petition); Cole v. United States, CIV.A. JFM-01-1907, 2001 WL 34036593 *1 n. 3 (D. Md. July 9, 2001) ("Were the Court to allow petitioner to proceed with the instant motion based on his theory that the claims raised herein relate back to his initial § 2255 motion, then Congress would have accomplished nothing at all in its attempts to place limits on federal collateral review through statutes like the AEDPA."); cf. United States v. Shabazz, 509 F. App'x 265, 266-67 (4th Cir. 2013) (vacating and remanding where district court denied motion to reconsider § 2255 dismissal under Rule 60(b) standard, without considering motion to amend claims under Rule 15 standard).

In any event, petitioner's proposed amended claims do not, in fact, relate back to his original claims. In pertinent part, petitioner originally asserted a claim for ineffective assistance of counsel based upon (1) counsel's failure to investigate prior criminal history before advising him to plead guilty, and (2) counsel's failure to object to inaccurate information in the presentence report at the sentence hearing. Petitioner now seeks to amend his petition on two grounds: (1) the probation officer miscalculated petitioner's criminal history score in light of the 2013 Davis decision, and (2) the probation officer misinterpreted the grouping of "related offenses" under USSG § 4A1.2. These two sets of claims do not relate back because they are not "tied to a common core of operative facts." Mayle v. Felix, 545 U.S. 644, 664 (2005). Petitioner's original claims turned on whether counsel provided reasonable representation at the time of plea and sentencing, whereas the new

3

of conviction for lack of jurisdiction. See Winestock, 340 F.3d at 207 ("[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application."); United States v. Graham, 81 Fed. Appx. 472, 473 (4th Cir.2003) (construing a § 2255 petitioner's post-judgment motion to amend as a second or successive petition); Cole v. United States, CIV.A. JFM-01-1907, 2001 WL 34036593 *1 n. 3 (D. Md. July 9, 2001) ("Were the Court to allow petitioner to proceed with the instant motion based on his theory that the claims raised herein relate back to his initial § 2255 motion, then Congress would have accomplished nothing at all in its attempts to place limits on federal collateral review through statutes like the AEDPA."); cf. United States v. Shabazz, 509 F. App'x 265, 266-67 (4th Cir. 2013) (vacating and remanding where district court denied motion to reconsider § 2255 dismissal under Rule 60(b) standard, without considering motion to amend claims under Rule 15 standard).

In any event, petitioner's proposed amended claims do not, in fact, relate back to his original claims. In pertinent part, petitioner originally asserted a claim for ineffective assistance of counsel based upon (1) counsel's failure to investigate prior criminal history before advising him to plead guilty, and (2) counsel's failure to object to inaccurate information in the presentence report at the sentence hearing. Petitioner now seeks to amend his petition on two grounds: (1) the probation officer miscalculated petitioner's criminal history score in light of the 2013 Davis decision, and (2) the probation officer misinterpreted the grouping of "related offenses" under USSG § 4A1.2. These two sets of claims do not relate back because they are not "tied to a common core of operative facts." Mayle v. Felix, 545 U.S. 644, 664 (2005). Petitioner's original claims turned on whether counsel provided reasonable representation at the time of plea and sentencing, whereas the new

claims assert error by the probation officer in calculating criminal history, partly in light of recent Fourth Circuit case law.

Furthermore, the amended claims proposed by petitioner are futile because, as challenges to the guidelines calculation, they are not cognizable on collateral review. In addition, Davis provides no basis for vacating the sentence because Davis does not apply retroactively on collateral review. See, e.g., Lee v. United States, 7:07-CR-79-D, 2013 WL 5561438 *3 (E.D.N.C. Oct. 8, 2013) ("Davis announced a purely procedural rule that is not retroactive on collateral review."). Finally, insofar as petitioner alleges counsel was ineffective for failing to assert additional errors in the calculation of his guidelines range, such claim is without merit for the reasons set forth in the court's denial of petitioner's original § 2255 motion. (See DE 57 at p. 5). In sum, to the extent the court has jurisdiction to consider petitioner's motion to amend, the motion must be denied because the proposed claims do not relate back and are futile.

## CONCLUSION

Based on the foregoing, petitioner's motion to reconsider is DENIED. Further, to the extent the court has jurisdiction to consider petitioner's motion to amend, the motion is DENIED.

SO ORDERED, this 3rd day of July, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge